# EXHIBIT A

1   Michelle T. Friend
2   **HEDGER MOYERS LLP**
    1555 Campus Way, Suite 201
3   Billings, MT 59102
    (406) 896-4100
4   (406) 896-4199 - facsimile

5   Attorneys for The BNSF Railway Company

6

7

8                   MONTANA FIRST JUDICIAL DISTRICT COURT,

9                          LEWIS & CLARK COUNTY

10
11  LOUIS M. MELE                    )   Cause No. BDV-2006-486
                                     )
12                Charging Party,    )   Judge
                                     )
13          vs.                      )   PETITION FOR JUDICIAL REVIEW
                                     )
14  BNSF RAILWAY COMPANY, a Delaware )
    corporation,                     )
15                                   )
                                     )
16  _____Respondent_____ )

17          COMES NOW The BNSF Railway Company (BNSF) and petitions the Court for

18  review of the administrative order herein.

19          i.      Statement of Facts for Jurisdiction and Venue

20          Respondent, The BNSF Railway Company (BNSF), is a Delaware corporation with its

21  registered agent in Yellowstone County, Montana. The District Court has jurisdiction

22  pursuant to Section 2-4-702 M.C.A., because BNSF hereby petitions for review of the

23  Montana Human Rights Commission Order Affirming Final Agency Decision, dated June 5,

24  2006. Venue is proper in Lewis & Clark County because the Human Rights Commission and

25  the Department of Labor are located in Lewis & Clark County.

26

27

28

Petition for Judicial Review
Page 1                                          HEDGER MOYERS LLP
                                                1555 Campus Way, Suite 201
                                                Billings, MT 59102
                                                406-896-4100

**2.**    **Standing**

BNSF is aggrieved because it has been unlawfully found to have discriminated against Louis Mele and has been unlawfully subjected to the Order Affirming Final Agency Decision of the Human Rights Commission in case No. 0051011229.

**3. Grounds for Review**

The grounds for review are as follows:

a.    Charging party Louis Mele filed a complaint of discrimination with the Montana Department of Labor and Industry, alleging that BNSF had discriminated against him in the area of employment because of a perceived disability (back injury) in violation of the Montana Human Rights Act, Title 49, Chapter 2 MCA, and the Americans with Disablities Act of 1990.

b.    BNSF extended a conditional offer of employment to Charging Party for the position of mechanical laborer on the railroad. Based on medical information submitted by the applicant, BNSF determined that Charging Party was temporarily not qualified at the time for that position due to the recency of back surgery and determined that he posed an unacceptable safety risk at that time, and thus, was not qualified at the time he applied from the unique position of mechanical laborer. BNSF did not disqualify applicant from any other job.

c.    Hearing on the matter was held before the Hearing Examiner on August 15 and 16, 2005.

HEDGER MOYERS LLP
1555 Campus Way, Suite 201
Billings, MT 59102
406-896-4100

d.    In a decision dated January 13, 2006, the Hearing Examiner determined that the railroad discriminated against Charging Party on the grounds that BNSF regarded Charging Party as disabled. The Hearing Examiner found BNSF liable for emotional distress damages, front pay, and ordered BNSF to undergo training in disability discrimination. The Hearing Examiner also ordered several alternatives for the employment of Charging Party. The Hearing Examiner's order was affirmed by the Human Rights Commission.

e.    The orders of the Department and the Commission are in violation of the Montana Human Rights Act, Title 49, Chapter 2 MCA, and the Americans with Disablities Act of 1990, and in excess of the statutory authority of the agency and affected by error of law that is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. M.C.A. 2-4-704.

f.    Charging party failed to meet his burden of demonstrating that BNSF perceived him as disabled as protected under the MHRA or ADA and further could not demonstrate that BNSF regarded Charging Party as incapable of performing a broad range of jobs. Charging party failed to establish that he had a qualified disability as he had a temporary condition and was not regarded as having a disability. As such, the agency had no jurisdiction over this matter. The order is unsupported by the evidence, was clearly erroneous in view of the reliable, probative, and substantial evidence and is contrary to law.

HEDGER MOYERS LLP
1555 Campus Way, Suite 201
Billings, MT 59102
406-896-4100

g.    The Hearing Examiner's findings that BNSF did not appropriately determine that Mele was at an increased risk of harm based on an individualized assessment was clearly erroneous in view of the reliable, probative, and substantial evidence.

h.    Charging party presented no probative evidence supporting an award of damages for front pay, benefits and emotional distress and the findings were unsupported by the evidence and clearly erroneous in view of the reliable, probative, and substantial evidence.

i.    The prospective relief ordered by the agency to include employment of Charging Party and the permanent injunction is unlawful and exceeds the authority of the agency and constitutes an abuse of discretion.

j.    The order by the Commission affirming the decision of the Hearing Examiner is faulty and unlawful for the same reasons stated in Subparagraphs a through i, supra.

4.    **Relief Requested**

Wherefore, The BNSF Railway Company respectfully requests a complete dismissal of the Charging Party's complaint, or in the alternative modification or dismissal of those portions of the order that are clearly erroneous, unsupported by evidence or in excess of the authority of the agency.

BNSF further requests any additional relief the court deems just.

DATED this 5th day of July 2006.

Petition for Judicial Review
Page 4

HEDGER MOYERS LLP
1555 Campus Way, Suite 201
Billings, MT 59102
406-896-4100

HEDGER MOYERS LLP

By: _____
    Michelle T. Friend
    Attorneys for The BNSF Railway Company

### CERTIFICATE OF SERVICE

I, do hereby certify that I have served a true and correct copy of the foregoing **PETITION FOR REVIEW** upon individual(s) listed below by the following means:

| | |
|---|---|
| Brian Bramblett | [x] U.S. Mail |
| MELOY TRIEWEILER | [x] Facsimile |
| P.O. Box 1241 | [ ] Express Mail |
| Helena, Montana  59624-1241 | [ ] Hand Deliver |
| | |
| State of Montana | [x] U.S. Mail |
| Dept. of Labor & Industry | [ ] Facsimile |
| Employee Relations Div./Human Rights Bureau | [ ] Express Mail |
| P.O. Box 1728 | [ ] Hand Deliver |
| Helena, Montana  59624-1728 | |

DATE: 07/05/06                    _____

Petition for Judicial Review
Page 5

HEDGER MOYERS LLP
1555 Campus Way, Suite 201
Billings, MT 59102
406-896-4100

Brian C. Bramblett
MELOY TRIEWEILER
80 South Warren
P.O. Box 1241
Helena, Montana 59624
(406) 442-8670
(406) 442-4953 fax


## MONTANA FIRST JUDICIAL DISTRICT COURT
## LEWIS AND CLARK COUNTY

| | | |
|---|---|---|
| LOUIS MELE, | ) | **Cause No. BDV 2006 486** |
| | ) | |
| Charging Party, | ) | **RESPONSE TO BNSF'S PETITION** |
| | ) | **FOR JUDICIAL REVIEW** |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY | ) | |
| Respondent, | ) | |
| | ) | |

Louis Mele responds to BNSF's Petition for Judicial Review as follows:

1)    Mele denies that BNSF is the "Respondent" in this matter and further states that

BNSF is the "Petitioner" and appellant in this Petition for Judicial Review. Mele admits the

remaining allegations set forth in paragraph 1 of BNSF's Petition.

2)    Mele denies the allegations set forth in paragraph 2 of BNSF's Petition.

3)    In response to paragraph 3 – a of BNSF's Petition For Review, Mele admits he filed a

Complaint with the Montana Department of Labor and Industry alleging that BNSF

discriminated against him in the area of employment on the basis of perceived disability in violation of §49-2-303, MCA, and the Americans With Disabilities Act of 1990.

4)      In response to paragraph 3-b of BNSF's Petition for Review, Mele admits that BNSF extended to him a conditional offer of employment for the position of mechanical laborer with the railroad.  Mele denies the remainder of paragraph 3-b of BNSF's Petition For Review.

5)      Mele admits the allegations set forth in paragraph 3- c of BNSF's Petition For Review.

6)      Mele admits the allegations set forth in paragraph 3-d of BNSF's Petition For Review.

7)      Mele denies the allegations set forth in paragraph 3-e through 3-j of BNSF's Petition For Review.

8)      Mele denies that BNSF is entitled to the relief requested in Paragraph 4 of BNSF's Petition for Review.

## ADDITIONAL FACTS

9)      On July 5, 2006, Mele filed a Petition for Attorney Fees and Petition for Review of Final Agency decision in this matter in Montana's First Judicial District Court, Cause Number CDV 2006-487.  The parties in that Petition for Review are Louis Mele, BNSF Railway Company, the Montana Department of Labor and Industry (DOLI), the Montana Human Rights Commission (MHRC).

10)     Mele's Petition requests that the District Court modify the Final Agency Decision to include future damages until Mele reaches the age of retirement at 65, requests that the

District Court otherwise affirm the final agency decision, and that the District Court award

Mele his attorney fees and costs as the prevailing party.

## AFFIRMATIVE DEFENSES

11)    BNSF's Petition for Review is based on arguments not raised at the contested case

hearing before the DOLI in this matter and, therefore, may not be raised for the first time on

appeal before this Court.

12)    BNSF failed to join the DOLI and the MHRC, both of whom are necessary parties to

its Petition for Judicial Review. The DOLI and MHRC are necessary parties to BNSF's

allegations that the DOLI and MHRC respectively acted unlawfully and in excess of statutory

authority. The DOLI and MHRC are the true parties in interest to the prospective relief

ordered pursuant to § 49-2-506, MCA, from which BNSF seeks relief. The relief requested

by BNSF in its Petition for Review may not be granted in the absence of the DOLI and

MHRC.

   **WHEREFORE**, the Mele prays for relief as follows:

1)    This Court deny or dismiss BNSF's Petition for Judicial Review;

2)    This Court enter an Order awarding the damages set forth by the Department of Labor

and Industry and Human Rights Commission.

3)    This Court award such other and further relief as the Court deems appropriate.

4)    Award the costs and attorney fees incurred by Mele responding to BNSF's Petition

For Review; and,

5)    Award any other damages or additional relief the Court deems just.

DATED this 25th day of July, 2006.

MELOY TRIEWEILER

By:

Brian C. Bramblett

## CERTIFICATE OF MAILING

This is to certify that on the 25th day of July, 2006, a true and exact copy of the

foregoing document was served on the Respondent by mailing a copy, postage pre-paid to:

Michelle Friend
Attorney at Law
1555 Campus Way, Suite 201
Billings, MT  59102

Dept. of Labor & Industry
1327 Lockey
Helena, MT  59620

Dept. of Labor & Industry
Human Rights Commission
1625 Eleventh Avenue
Helena, MT  59601

Brian C. Bramblett

Page 4

MARIEKE BECK
Special Assistant Attorney General
Department of Labor and Industry
P.O. Box 1728
Helena, MT 59624-1728
(406) 444-4493

Attorney for the Montana Human Rights Commission

MONTANA FIRST JUDICIAL DISTRICT
LEWIS AND CLARKE COUNTY

| | | |
|---|---|---|
| BURLINGTON NORTHERN and SANTA FE<br>RAILWAY COMPANY,<br><br>               Petitioner,<br><br>-vs-<br><br>LOUIS MELE,<br><br>               Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. BDV-2004-968<br>Hon. Judge Sherlock<br><br>**MOTION TO INTERVENE** |

COMES NOW, the Department of Labor and Industry's Montana Human Rights

Commission (Department) and respectfully moves this Court to allow the Department to

intervene in this action pursuant to Rule 24(b)(2) of the Montana Rules of Civil

Procedure. The Department's proposed order and brief in support of this motion will

follow within five (5) days. Mont. Unif. Dist. Ct. R. 2

DATED this ___28th___ day of July 2006

Marieke Beck
Special Assistant Attorney General

## CERTIFICATE OF MAILING

This is to certify that on the 28th day of July, a true and exact copy of the foregoing document was mailed by the Department of Labor and Industry's Montana Human Rights Commission, postage pre-paid to the following:

Michelle Friend
Jeff Hedger
1555 Campus Way, Suite 201
Billings, MT 59102

Brian C. Bramblett
MELOY TRIEWEILER
80 South Warren
P.O. Box 1241
Helena, MT 59624

Marieke Beck

MARIEKE BECK
Special Assistant Attorney General
Department of Labor and Industry
P.O. Box 1728
Helena, MT 59624-1728
(406) 444-4493

Attorney for the Montana Human Rights Commission (Department)

## MONTANA FIRST JUDICIAL DISTRICT
## LEWIS AND CLARKE COUNTY

| | | |
|---|---|---|
| BURLINGTON NORTHERN and SANTA FE<br>RAILWAY COMPANY,<br><br>          Petitioner,<br><br>-vs-<br><br>LOUIS MELE,<br><br>          Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. BDV-2004-968<br>Hon. Judge Sherlock<br><br>**BRIEF IN SUPPORT OF<br>MOTION TO INTERVENE** |

On July 28, 2006, the Department of Labor and Industry's Montana Human

Rights Commission (Department) submitted a Motion to Intervene in the above-entitled

matter. This brief and the attached proposed order follow in support.

### BRIEF IN SUPPORT

Louis Mele (Mele) filed a complaint of discrimination against Burlington Northern

and Santa Fe Railway Company (Petitioner), on September 17, 2004 alleging

discrimination based on perceived disability.  A contested case hearing was held on

August 15-16, 2005.  On January 13, 2006, the Hearings Examiner issued a Final

-1-

Agency Decision. *See* <u>Mele v. BNSF Railway Co.</u>, Case No. 2186-2005 (attached).

Both Mele and the petitioner appealed the decision to the Montana Human Rights

Commission (Commission). The Commission considered the matter on May 8, 2006

and issued an order affirming the Hearings Examiner's Final Agency Decision on June

5, 2006. *See* <u>Mele v. Burlington Northern Santa Fe Railroad</u>, Case No. 0051011229.

The petitioner, BNSF, filed a timely petition for judicial review of the

Department's Final Agency Decision in the First Judicial District. The Department of

Labor and Industry was not a named party. Mele has filed an answer. This Court has

not issued a briefing schedule.

## ARGUMENT

This petition involves a Final Agency Decision issued by the Department of

Labor and Industry's Hearings Bureau and affirmed by the Human Rights Commission.

By rule, when a party to an action states a claim based upon an order issued by a state

agency, the agency, upon timely application, may be permitted to intervene in the

action. Mont. R. Civ. P. Rule 24(b)(2). Here, the agency (referred to in this brief as the

Department) submits this timely application in order to protect the affirmative relief set

forth in its Final Agency Decision.

As background, in cases where the Department determines that a party has

engaged in the alleged discriminatory conduct, the Department is **required** to order

affirmative relief. *See* Mont. Code Ann. § 49-2-506(1). Additionally, the Department

may prescribe conditions on the accused's future conduct relevant to the type of

discriminatory practice found; require measures to correct the discriminatory practice;

-2-

and require a report on the manner of compliance. Id. In sum, the Department has a legislative mandate to identify and then correct unlawful discriminatory practices in the State of Montana.

In this case, the Department's Final Agency Decision placed a permanent injunction on the petitioner enjoining BNSF from withdrawing conditional offers of employment to qualified applicants based solely or primarily upon an occupational medical evaluation or statistical risk. See Attachment: Excerpt from Final Agency Decision, VI. Order at 28, ¶ 3. Additionally, the petitioner has been ordered to submit (within 60 days) proposed policies and a means of publishing said policies that comport with the injunction. Id. at 28-29, ¶ 4.

Of course, the affirmative relief ordered by the Department differs from damages awarded to Mele. The affirmative relief in the Department's order belongs to everybody that may come into contact with the petitioner, BNSF, and furthermore, it works to fulfill the Department's legislative mandate to identify and correct discriminatory practices. See also Mont. Code Ann. § 1-3-204.

Accordingly, the Department asserts it has a vested interest in protecting and ultimately enforcing the terms of its Final Agency Decision. Since the Department has a vested interest and since this Court has not issued a briefing schedule, the Department respectfully requests that this Court grant the Department's Motion to Intervene and allow the Department to participate in the briefing for this petition for

//

//

//

-3-

judicial review.

DATED this ___2nd___ day of August 2006

Marieke Beck
Special Assistant Attorney General

## CERTIFICATE OF MAILING

This is to certify that on the 2nd day of August, a true and exact copy of the foregoing document was mailed by the Department of Labor and Industry's Montana Human Rights Commission, postage pre-paid to the following:

Michelle Friend
Jeff Hedger
1555 Campus Way, Suite 201
Billings, MT 59102

Brian C. Bramblett
MELOY TRIEWEILER
80 South Warren
P.O. Box 1241
Helena, MT 59624

Marieke Beck

-5-

Attachment

HR No. 8901003828. In addition, Mele's repeated reapplications with BNSF and the actual financial losses he suffered (unlike the plaintiffs in *Johnson*) adequately establish greater emotional distress. The evidence of his emotional distress is sufficient to merit an award of $7,500.00.

Upon a finding of illegal discrimination, the law requires affirmative relief that enjoins any further discriminatory acts and may further prescribe any appropriate conditions on the respondent's future conduct relevant to the type of discrimination found. It is proper and reasonable to enjoin BNSF from similar conduct in the future, and require it to adopt a policy, for Montana hiring decisions, to document future treatment of similar persons. Mont. Code Ann. § 49-2-506(1)(a) and (b).

## V.    CONCLUSIONS OF LAW

1. The Department has jurisdiction. Mont. Code Ann. § 49-2-509(7).

2. BNSF regarded Mele as having a physical impairment that substantially limited the major life activity of working, when it withdrew its conditional offer to him of employment as a mechanical laborer on April 29, 2004, because of Mele's back injury, surgery and perceived limitations. Mont. Code Ann. § 49-2-101(19).

3. BNSF illegally discriminated against Mele because of disability when it made a disability-based distinction that was not reasonably based upon the essential tasks of the job at issue in withdrawing its conditional job offer to Mele for the reasons stated in Conclusion 2. Mont. Code Ann. § 49-2-303)(1)(a).

4. The department should require the reasonable measures detailed in the findings and opinion to rectify the harm, pecuniary and otherwise, Mele suffered. Mont. Code Ann. § 49-2-506(1)(b).

5. The department must order BNSF to refrain from engaging in the discriminatory conduct and should prescribe conditions on BNSF's future conduct relevant to the type of discriminatory practice found, require the reasonable measures detailed in the findings and opinion to correct the discriminatory practice. Mont. Code Ann. § 49-2-506(1)(a) and (b).

## VI. ORDER

1. The department grants judgment in favor of charging party, **Louis Mele**, and against respondent, **BNSF Railway Company**, on Mele's charges of illegal disability discrimination against him as alleged in his complaint.

27

2. BNSF must

(a) immediately pay Mele the sum of $29,511.72, making the appropriate employer contributions to SSI on his behalf for the back pay in this award ($20,502.11) and

(b) upon satisfaction of the remaining conditions for his employment (the tests and screening performed after his original conditional offer of employment), hire Mele as soon as practicable in the position for which it extended the conditional offer of employment, paying him front pay of

(i) that proportion of $20,000.00 represented by the number of days his date of hire is after this decision to 1 calendar year (number of days his date of hire is after this decision divided by 365 times $20,000.00), making the appropriate employer contributions to SSI on his behalf for the front pay, if his date of hire is within 1 calendar year after this decision, due on his date of hire, OR

(ii) on each anniversary date of this decision before he is hired, up through the 4th anniversary date, $20,000.00 and, should BNSF hire Mele before the 4th anniversary date of this decision, proportionate front pay due on the date of hire, in accord with subparagraph (i) above, based on the number of days from the last anniversary date of this decision before his hire to the date of his hire, instead of the number of days his date of hire is after this decision, to 1 calendar year, due on his date of hire, making the appropriate employer contributions to SSI on his behalf for all front pay, as paid.

3. The department permanently enjoins BNSF against withdrawing conditional offers of employment made to qualified applicants who, following back surgery and prior to the application for employment with BNSF that led to the conditional offers, were assigned either no limitations or limitations upon their work activities by each applicant's surgeons and treating or evaluating physicians that were consistent with the essential tasks of the job conditionally offered, because of conditions known to each applicant's surgeons and treating or evaluating physicians that BNSF regarded as limiting the ability of each applicant to perform the essential job duties of the job conditionally offered, based solely or primarily upon an occupational medicine evaluation of the statistical risks involved.

4. The department enjoins and requires BNSF, within 60 days after this decision becomes final, to submit to the Human Rights Bureau proposed policies to

comply with the permanent injunction, including the means of publishing the policies to present and future employees and applicants for employment, and to adopt and implement those policies, with any changes mandated by the Bureau, immediately upon Bureau approval of them. The policies adopted must also provide that if BNSF decides to reject an applicant following the occupational medicine document review, based upon the occupational medicine conclusion that a further healing period after recovery from back surgery is necessary to confirm the contrary opinions of the treating or prior evaluating physicians, then BNSF must document the objective bases for the rejection, share them with the applicant in writing and allow the applicant a reasonable time to submit additional contrary medical information, which BNSF must then weigh and consider BEFORE finalizing the rejection by withdrawing the conditional offer of employment. If BNSF follows this procedure and still rejects the applicant, it must retain, for possible administrative review, all of the results of the rejected applicant's individualized assessment and all additional contrary medical information submitted. It must also document in writing to the rejected applicant all factors considered in its final decision.

DATED: January 13, 2006.


/s/ TERRY SPEAR

Terry Spear, Hearing Examiner
Hearings Bureau, Montana Department of Labor and Industry

Louis Mele FAD

29

℆JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Louis Mele

## DEFENDANTS
BNSF Railway Company

*CV 06-37-H-DWM*

**(b)** County of Residence of First Listed Plaintiff   Valley County, Montana
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Tarrant County, Texas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian Bramlett, Meloy & Trieweiler, P.O. Box 1241, Helena, MT 59624 (406) 442-8670

Attorneys (If Known)
Michelle Friend, Hedger Moyers LLP, 1555 Campus Way, Ste 201 Billings, MT 59102  (406) 896-4100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
Diversity Jurisdiction, Removal of State Court Case to Federal Court

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ *Petition for Judicial Review*

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE  Additional Petition on same case remove   DOCKET NUMBER

DATE  8/4/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE